# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARK GRISSOM,<br>　　　　Appellant, | DOCKET NUMBER<br>AT-0714-21-0175-M-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE:  October 18, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Mark Grissom, Maylene, Alabama, pro se.

W. Robert Boulware, Montgomery, Alabama, for the agency.

Sophia Haynes, Esquire, Decatur, Georgia, for the agency.

Dana C. Heck, St. Petersburg, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

¶1		The appellant has filed a petition for review of the initial decision, which remanded to the agency for consideration of the factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, AFFIRM the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2		The agency removed the appellant for failure to follow instructions pursuant to 38 U.S.C. § 714. *Grissom v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-21-0175-I-1, Initial Appeal File, Tab 25, Initial Decision at 2. The administrative judge issued an initial decision finding that the agency proved its charge by substantial evidence, denying the appellant's affirmative defense of whistleblower reprisal, and finding the penalty of removal to be reasonable. *Id.* at 2-40. The appellant appealed the final order to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), and the court issued an opinion affirming the administrative judge's findings that the agency proved its charge and that the

appellant failed to prove his affirmative defenses. *Grissom v. Department of Veterans Affairs*, No. 2021-2124, 2022 WL 17334715 (Fed. Cir. Nov. 30, 2022); MSPB Docket No. AT-0714-21-0175-M-1, Remand File (M-1 RF), Tab 1. The Federal Circuit observed that the agency deciding official testified that he did not believe that he considered the *Douglas* factors[2] as required, and it therefore vacated the administrative judge's penalty analysis and remanded to the Board to remand to the agency for a redetermination of the penalty. *Grissom*, 2022 WL 17334715, at *17-18. Upon return to the regional office, the administrative judge issued an initial decision remanding to the agency for proper consideration of the *Douglas* factors. M-1 RF, Tab 6, Initial Decision. The appellant has filed a petition for review of the initial decision and 29 supplements. *Grissom v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-21-0175-M-1, Petition for Review (M-1 PFR) File, Tabs 1.30. He has asserted the following arguments: (1) the administrative judge erred in remanding to the agency for a redetermination of the penalty; (2) the administrative judge erred by failing to order damages; (3) the administrative judge was biased; and (4) the appellant has new and material evidence related to the merits of the removal decision and his affirmative defenses.[3] *Id.*

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant in assessing the penalty to impose for an act of misconduct.

[3] The agency filed a response to the petition for review, which was 2 days late. M-1 PFR File, Tabs 31, 35. The agency argues that good cause exists for its filing delay because of the size of the appellant's submissions on review and because the appellant would not be prejudiced by accepting the agency's response. M-1 PFR File, Tab 37 at 5. We recognize the size of the appellant's submissions, but the agency has not shown why that prevented it from filing a response to the petition for review or seeking an extension to respond in a timely fashion. Accordingly, we find that the agency has not shown good cause for the untimely filing, and we have not considered the agency's response to the appellant's petition for review. 5 C.F.R. § 1201.114(g) (2023).

## DISCUSSION OF ARGUMENTS ON REVIEW

First, we find that the administrative judge did not err in remanding to the agency for a redetermination of the penalty. M-1 PFR File, Tab 1 at 5-6. That is what the Federal Circuit ordered. *Grissom*, 2022 WL 17334715, at *18 ("We therefore vacate the penalty portion of the Board's decision pertaining to the *Douglas* factors and remand to the Board to remand to the [agency] for a redetermination of the penalty."); *see also Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326-27 (Fed. Cir. 2021) (stating that, if the Board determines that the Department of Veterans Affairs (VA) failed to consider the *Douglas* factors, the Board must remand to the VA for a redetermination of the penalty).

Second, we find that the administrative judge did not err by failing to order damages. M-1 PFR File, Tab 1 at 5-8. Any request for damages is premature because there is not yet a final order in this appeal.[4] To the extent the appellant is requesting attorney fees in connection with his appeal to the Federal Circuit, the Board lacks the authority to award attorney fees incurred in connection with an appeal of a Board decision to the Federal Circuit. *Coradeschi v. Department of Homeland Security*, 109 M.S.P.R. 591, ¶ 8 (2008), *aff'd*, 326 F. App'x 566 (Fed. Cir. 2009).

Third, we address the appellant's claim that the administrative judge was biased. M-1 PFR File, Tab 2 at 5-8 (asserting that the administrative judge rushed the proceedings, denied consolidation of the appellant's appeals, denied his request for additional evidence to address purported perjury by agency witnesses, ignored some of his evidence relating to the merits of the case, and

---

[4] We disagree with the appellant's assertion that the Federal Circuit vacated his removal. M-1 PFR File, Tab 1 at 5. The Federal Circuit vacated the administrative judge's penalty analysis only and remanded to the Board with instructions to remand to the agency for a redetermination of the penalty. *Grissom*, 2022 WL 17334715, at *18. The Federal Circuit did not vacate the appellant's removal outright. *Cf. Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1382 (Fed. Cir. 2020) ("Because the [VA] cannot remove [the petitioner] under § 714 without the statute having impermissible retroactive effect, we vacate [the petitioner's] removal.").

showed favoritism toward the agency). The appellant has not shown that he filed a motion below requesting that the administrative judge recuse himself from the case, and we have found no such request in the record. To the extent that the appellant did not raise such an allegation below, he is precluded from raising it at this time. *See Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000); *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). In any event, the appellant's disagreement with the administrative judge's rulings and exercise of his broad authority to control the course of the proceedings does not overcome the presumption of honesty and integrity that accompanies administrative judges. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (finding that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators); *see also Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 38 (stating that the mere fact that the administrative judge ruled against a party does not establish bias). The appellant's arguments concerning a potential conflict of interest are wholly unsupported, M-1 PFR File, Tab 2 at 5, and his assertion that the Board's Atlanta Regional Office has numerous pending cases involving the VA does not warrant reassignment to another regional office, M-1 PFR File, Tab 1 at 14.

¶6      Fourth, we address the appellant's purported new and material evidence, including copies of filings in other litigation in which the appellant is involved. M-1 PFR File, Tabs 3-30. Many of the documents predate the initial decision and are not new. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (stating that, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); 5 C.F.R. § 1201.115(d). To the extent any of the evidence submitted on review is new, the appellant has asserted that it relates to the merits of his removal and to his affirmative defenses; however, the Federal Circuit affirmed the administrative

judge's findings that the appellant failed to prove his affirmative defenses.[5]  The appellant has not explained how the documents are relevant to the remand of this appeal for a redetermination of the penalty, and we find that they are not.

¶7        In closing, we address two other matters.  The appellant requests that the Board "waive it[s] jurisdiction in the [equal employment opportunity (EEO) matters] taken before the [Equal Employment Opportunity Commission]."  M-1 PFR File, Tab 1 at 7.  It is unclear what the appellant is seeking.  The appellant did not raise any EEO claims before the administrative judge.  The appellant also asks that the Board refer certain matters to the Office of Special Counsel.  *Id.* at 9.  Pursuant to 5 U.S.C. § 1221(f)(3), if the Board finds that the agency committed a prohibited personnel practice, it will refer a copy of the decision to the Office of Special Counsel.  However, the Board has not found that the agency committed a prohibited personnel practice in this case.

---

[5] After the record closed on review, the appellant filed a motion for leave to file an additional pleading regarding a writ of certiorari he intended to file and other documents concerning his due process rights.  M-1 PFR File, Tab 40.  Generally, the Board's regulations do not provide for such a pleading to be filed after the close of the record.  5 C.F.R. § 1201.114(a)(5), (k) (2023).  In order for such a filing to be accepted by the Board, the appellant must describe the nature of and need for the pleading, and it must contain new and material evidence or argument that was not readily available before the record closed.  5 C.F.R. § 1201.114(a)(5), (k) (2023).  We DENY the appellant's motion, as he failed to show the relevance of the documents to the single issue in this appeal—the court-directed remand to the agency for a new penalty determination.

**ORDER**

¶8    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall issue an initial decision remanding this matter to the agency for it to make a new penalty determination.[6]

FOR THE BOARD:                    *Gina K. Grippando*
                    _____
                    Gina K. Grippando
                    Clerk of the Board
Washington, D.C.

_____

[6] The appellant's concerns about his due process rights in connection with any future proceedings are premature. M-1 PFR File, Tab 1 at 8. However, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1324 (Fed. Cir. 2021) (observing that 38 U.S.C. § 714 maintains due process protections for employees); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999).